SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
J. BARRETT MARUM, Cal. Bar No. 228628
AARON J. MALO, Cal. Bar No. 179985
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619.338.6500
Facsimile:   619.234.3815
E mail:   bmarum@sheppardmullin.com
       amalo@sheppardmullin.com

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
W. Patton Hahn, (Pro Hac Vice to be filed)
Matthew M. Cahill, (Pro Hac Vice to be filed)
420 20th Street North, Wells Fargo Tower, Suite 1400
Birmingham, Alabama 35203-5202
Telephone:   205.328.0480
Facsimile:   205.322.8007
E-mail:   pphahn@bakerdonelson.com
       mcahill@bakerdonelson.com

Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Vestavia Hills, Ltd.,<br><br>      Debtor. | Case No. 20-00018-LA11<br><br>Chapter 11<br><br>**WELLS FARGO BANK'S RESPONSE TO DEBTOR'S MOTIONS FOR AUTHORITY TO USE CASH COLLATERAL AND OBTAIN DEBTOR-IN-POSSESSION FINANCING**<br><br>United States Bankruptcy Court<br>325 West "F" Street<br>San Diego, CA 92101-6991<br><br>Date:   January 30, 2020<br>Time:   2:30p.m.<br><br>Judge:   Hon. Louise D. Adler |

Wells Fargo Bank, National Association (the "Wells Fargo") submits this Response to the (i) First Day Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 [Dkt. 5], and (ii) Motion for Authority to Obtain Postpetition Unsecured Financing [Dkt. 15] (this "Response") filed by debtor and debtor-in-possession Vestavia Hills, Ltd. (the "Debtor").

## PRELIMINARY STATEMENT

As the Debtor's primary secured creditor, Wells Fargo generally supports the Debtor's efforts to market and sell substantially all of its assets through a Section 363 sale process. However, Wells Fargo's support – as well as its consent to Debtor's use of Wells Fargo's cash collateral on an interim basis – are conditioned on the Debtor providing Wells Fargo with the agreed upon adequate protection payments, providing certain financial information regarding the Debtor's limited partners (who guaranteed the debt owed to Wells Fargo and who are providing unsecured post-petition financing to the Debtor), and meeting certain deadlines to move this case forward in an expeditious and efficient manner that will maximize the value of the estate's assets. Meeting sale-related deadlines is particularly important in this case as the Debtor has attempted to sell, but failed to actually sell, the Property (defined below) on three separate occasions over the last five years.

## BACKGROUND

**A. The History of the Debtor's Failed Sale Efforts**

In May of 2015, the Debtor engaged a broker and obtained a letter of intent from a prospective purchaser for the Property, but the proposed purchaser ultimately declined to execute a contract. In January of 2017, the Debtor began marketing the Property with its current broker, Blueprint Healthcare Real Estate Advisors. These efforts resulted in a signed contract in May of 2017, but the sale did not close. In March of 2018, the Debtor contracted to sell the Property to Commonwealth Assisted Living, LLC, Series E ("Commonwealth"). The Debtor/Commonwealth agreement was amended multiple times, but the contemplated sale never closed. And in the end, the Debtor and Commonwealth became embroiled in multiple lawsuits that remain pending today.

During the five years that the Debtor has repeatedly attempted (but failed) to sell the Property, the value of the Property has deteriorated, due in part to the closing of the assisted living facility and specialty care assisted living facility operations at the Property.

**B.      The Loan Obligations**

In 2005, Wells Fargo made a loan to the Debtor in the original principal amount of $26,010,000.00 (the "Loan").  The Loan is secured by, among other things, the real property commonly known as Mount Royal Towers (the "Facility") located at 300 Royal Towers Drive, Vestavia Hills, Alabama (the "Property").  The Loan is supported by guaranty agreements from seven of the Debtor's limited partners.

The Loan Documents have been modified five times over the last seven years.  In May of 2017, the Debtor defaulted on its obligations under the Loan.  At that time Wells Fargo agreed to enter into a fifth (and final) Modification Agreement with the Debtor.  Pursuant to that final modification, the Loan maturity date was extended to December 31, 2017, and Wells Fargo agreed to forbear for a period of time to allow the Debtor an opportunity to close a sale or refinance of the Property so that it could repay the Loan in full.  The Debtor was unable to sell or refinance the Property.

In April of 2018, Wells Fargo entered into a forbearance agreement ("2018 Forbearance Agreement") with the Debtor, among others, that provided the Debtor more time to sell the Property.  The 2018 Forbearance Agreement provided for termination of the forbearance period by no later October 1, 2018, subject to extension to December 14, 2018 at the Debtor's option.  The Debtor subsequently identified a potential purchaser for the Property, but as noted above, the Debtor was unable to complete the contemplated sale, even after exercising its option to extend the forbearance period to December 14, 2018.

On December 14, 2018, Wells Fargo extended the forbearance period yet again, this time to April 15, 2019 pursuant to that certain Forbearance Extension Agreement (the "Forbearance Extension Agreement").  But the Debtor and related parties immediately defaulted under the terms of the Forbearance Extension Agreement by, among other things, failing to make a required principal curtailment payment.

-3-     Case No. 20-00018-LA11

SMRH:4830-1309-0481.4     RESPONSE OF WELLS FARGO TO DEBTOR'S MOTIONS FOR AUTHORITY TO USE CASH COLLATERAL AND OBTAIN DIP FINANCING

*The Debtor has not made a single payment to Wells Fargo on the defaulted Loan since December of 2018.*

**C. The Arbitration Proceeding Against the Non-Debtor Guarantors**

On or about March 28, 2019, Wells Fargo commenced arbitration against the non-Debtor guarantors of the Loan, styled *Wells Fargo Bank, N.A. v. Judith A Chance, et al*, AAA Case No. 01-19-0000-9811 (the "Arbitration Proceeding"). The Arbitration Proceeding resulted in Wells Fargo obtaining an award of $18,086,910.61 against the non-Debtor guarantors of the Loan, the confirmation of which is currently pending in the United States District Court for the Northern District of Alabama, Case No. 19-02120.

**RESPONSE TO MOTIONS AND RESERVATION OF RIGHTS**

Wells Fargo generally supports the Debtor's efforts to sell the Property through a Section 363 sale, provided the sale process proceeds expeditiously. Wells Fargo is, however, entitled to adequate protection while this case is pending due to the ongoing deterioration of its collateral position. The Debtor has offered adequate protection payments in the amount of $65,000.00 per month. *Wells Fargo has agreed to this arrangement on an interim basis, but does not consent to the use of its cash collateral in the absence of adequate protection.* Wells Fargo reserves all rights to withdraw its consent to the continued use of its cash collateral in the event that: (1) adequate protection payments are not timely made; (2) adequate protection payments are determined to be insufficient; and/or (3) the Debtor fails to otherwise abide by the orders of this Court or the Debtor's obligations under the Loan Documents.

In addition, *Wells Fargo's consent to the use of its cash collateral is conditioned upon the non-Debtor guarantors of the Loan providing adequate, accurate and updated financial statements to Wells Fargo no later than January 30, 2020.* The non-Debtor guarantors of the Loan very recently provided Wells Fargo with limited financial disclosures as of September 30, 2019, but Wells Fargo has yet to receive complete, current financials. Wells Fargo reserves the right to withdraw its consent to further use of its cash collateral based on its review of the non-Debtor guarantors' financial statements.

-4- Case No. 20-00018-LA11

SMRH:4830-1309-0481.4 RESPONSE OF WELLS FARGO TO DEBTOR'S MOTIONS FOR AUTHORITY
TO USE CASH COLLATERAL AND OBTAIN DIP FINANCING

Finally, given the history of failed sales efforts, the deterioration of the Property, and the Property's continuing operating losses, *Wells Fargo reserves the right to withdraw its consent to the Debtor's use of Wells Fargo's cash collateral and/or the Debtor's obtaining post-petition financing from the non-Debtor guarantors of the Loan if the proposed Section 363 sale process does not move forward expeditiously and in a manner likely to produce the highest and best return for the bankruptcy estate and creditors.* The Debtor originally indicated that a stalking horse bidder would be executing a letter of intent during the week of January 6, and that a motion to approve bid procedures would be filed no later than January 17. However, to Wells Fargo's knowledge, there is no signed letter of intent as of the date of this filing, and no bid procedures motion has been filed. *Wells Fargo's consent to the Debtor's use of its cash collateral and support for the Debtor's request to obtain post-petition financing is conditioned upon the Debtor's adherence to agreed-upon (or Court-ordered) deadlines for identifying a stalking horse buyer, filing bid procedure and sale motions, and closing a sale of the Property.*

## **CONCLUSION**

Wells Fargo requests that this Court condition the entry of any further orders authorizing the Debtor to use Wells Fargo's cash collateral and/or obtain further post-petition financing on the Debtor adequately addressing the issues outlined above, and granting such other relief as the Court deems just.

Dated: January 16, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ J. Barrett Marum*
           J. BARRETT MARUM
           AARON J. MALO

Attorneys for Vestavia Hills Ltd.

Dated: January 16, 2020

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

By  */s/ Matthew M. Cahill*
W. PATTON HAHN
MATTHEW M. CAHILL

Attorneys for Vestavia Hills Ltd.