**CSD 1001A** [07/01/18]
Name, Address, Telephone No. & I.D. No.

Order Entered on
March 25, 2020
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Debtor.

BANKRUPTCY NO.

Date of Hearing:
Time of Hearing:
Name of Judge:

# ORDER ON

The court orders as set forth on the continuation pages attached and numbered _____ through _____ with exhibits, if any, for a total of _____ pages.  Motion/Application Docket Entry No. _____.

//
//
//
//
//
//
//

DATED: March 25, 2020

_____
Judge, United States Bankruptcy Court

CSD 1001A

The Court having considered the motion ("Motion") of Vestavia Hills, Ltd. dba Mount Royal Towers ("Debtor"), the debtor and debtor in possession herein, for entry of:

(a) an order (the "Overbid Procedures Order") (i) approving MED Healthcare Partners, LLC as the "Stalking Horse Bidder" in connection with the proposed sale ("Sale") of substantially all of the Debtor's assets pursuant to the terms of an "Asset Purchase Agreement" attached as an exhibit to the Motion (ii) authorizing and approving certain proposed procedures, substantially in the form attached as Exhibit "A" hereto ("Overbid Procedures") in connection with the proposed Sale, certain proposed assumption and assignment procedures in connection with the Sale, and certain notice procedures, substantially in the form attached as Exhibit "B" hereto ("Sale Notice"), (iii) scheduling a hearing (the "Sale Hearing") to consider final approval of the Sale; and (iv) granting related relief; and

(b) following the Sale Hearing, an order ("Sale Order") (i) approving the Sale to the successful bidder or back-up bidders , (ii) authorizing the assumption and assignment of certain executory contracts and unexpired leases (collectively, "Assumed Contracts"), and (iii) granting related relief;

the Court having held a hearing on the Motion and the objections thereto; the Court having made findings of fact as reflected on the record of the hearing which are hereby incorporated into this Order pursuant to Rule 52 (a)(1) of the Federal Rules of Civil Procedure, as incorporated by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure; it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and all other interested parties; notice appearing proper; and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1) The Motion is granted as set forth herein. All terms not defined herein shall have the meaning given them in the Motion.

2) The Asset Purchase Agreement is approved, subject to overbid pursuant to the terms of the Overbid Procedures, including the deposit in the amount of $200,000 to be paid by the Stalking Horse Bidder (as defined below) in accordance with the Asset Purchase Agreement and the five percent (5%) overbid deposit amount, which shall be applicable to the Stalking Horse Bidder only in the event that the Stalking Horse Bidder decides to overbid at the Sale Hearing.

3) MED Healthcare Partners, LLC is approved as the Stalking Horse Bidder, subject to overbidding as set forth herein. This approval includes the Break-Up Fee in the amount of Four Hundred Thousand Dollars ($400,000.00).

4) The Overbid Procedures, attached as Exhibit "A" hereto, are approved and incorporated into this Order by reference, as though fully set forth herein.

5) The Debtor is authorized to employ Blueprint Healthcare Real Estate Advisors as its broker and real estate advisor on the terms set forth in the Motion and the Engagement Agreement. Notwithstanding section 10.9 of the Engagement Agreement, the Debtor may not seek Bankruptcy Court approval for the "Dual Agency" provided for in such section and such Dual Agency is not approved.

6) The Court will conduct the Sale Hearing on May 21, 2020 at 10:00 a.m. Any objections to the Sale must be filed and served on all parties entitled to receive notice no later than May 7, 2020 (14 days before the Sale Hearing). Replies to such objections, if any, must be filed and served on all parties required to receive notice no later than May 14, 2020 (seven days before the Sale Hearing).

ORDER ON
DEBTOR:                                                                                           CASE NO:

_____                                          _____

CSD 1001A

Signed by Judge Louise DeCarl Adler March 25, 2020

**EXHIBIT "A"**

## Overbid Procedures
Vestavia Hills, Ltd. dba Mount Royal Towers
USBC Case No. 20-00018-LA11

Escrow Agent: Riverside Abstract
3839 Flatlands Avenue, Suite 208
Brooklyn, NY 11234
Email: Alazarus@rsabstract.com
Attention: Aryeh Lazarus

Vestavia Hills, Ltd. ("Debtor") is a Chapter 11 debtor in possession in the bankruptcy case currently pending in the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court"). These Overbid Procedures were approved by order of the Bankruptcy Court.

### Assets to be Sold

The assets to be sold comprise substantially all of the Debtor's business assets, and include all real and personal property owned by the Debtor used in the operation of a senior housing community in Vestavia Hills, Alabama, commonly known as Mount Royal Towers. The assets are described in more detail in the Asset Purchase Agreement (defined below). In addition to the assets described in the Asset Purchase Agreement, the sale includes another seventy-two (72) Specialty Care Assisted Living Facility Certificate of Need beds.

### Stalking Horse Asset Purchase Agreement

The Bankruptcy Court's order also approved the "Asset Purchase Agreement" entered into between the Debtor as seller and MED Healthcare Partners, LLC or its designee or designees ("Stalking Horse") as buyer, subject to the Overbid Procedures described herein. A copy of the Asset Purchase Agreement is attached hereto. All terms not defined herein shall have the meaning given them in the Asset Purchase Agreement.

409992-v2

### Purchase Price/Overbid Increments

The Asset Purchase Agreement calls for a purchase price of $12,000,000, and is subject to these Overbid Procedures described herein.  The initial overbid increment is $500,000–meaning the initial overbid must be $12,500,000 or more.

### Due Diligence Materials

In order to receive access to due diligence materials, parties interested in overbidding must provide an executed nondisclosure agreement in a form approved by Debtor to Debtor's counsel or the Debtor's Court-approved broker and real estate advisor, Blueprint Healthcare Real Estate Advisors, LLC ("Blueprint"), ATTN: Jacob Gehl, jacob@blueprintHCRE.com, 310.893.7182.

### Overbid Deadline

In order to be considered timely, an overbidder's bid must be received by the Escrow Agent no later than April 30, 2020 (21 days before the Sale Hearing).

### Submitting a Qualified Overbid

In order to qualify as a qualified overbid, an overbidder's bid must include all of the following:

- A fully-executed Overbidder Agreement in substantially the form attached hereto, together with a redline showing any changes.
- A cash deposit of five percent (5%) of the overbid purchase price, nonrefundable unless the overbidder is not selected as the winning overbidder.
- Evidence of ability to close satisfactory to the Debtor in its sole discretion.
- A list of the Contracts and Leases (each referred to hereafter as a "Contract" and collectively as the "Contracts") which the overbidder is offering to have assumed and assigned to it pursuant to section 365 of the Bankruptcy Code.

409992-v2

- Evidence satisfactory to the Debtor in its sole discretion to permit the Debtor to determine the overbidder's ability to comply with section 365 of the Bankruptcy Code, including providing adequate assurance of such assignee's ability to perform in the future with respect to any Contract proposed to be assumed and assigned.

### Due Diligence Deadline

Due diligence by any overbidder must be completed by the time a bid is submitted by the overbidder. The Overbidder Agreement so provides and does not permit a "diligence out" or other basis to withdraw once an overbidder's bid has been submitted.

### Notifications

On or before May 7, 2020 (14 days before the Sale Hearing), the Debtor will notify each party who submitted an overbid whether its overbid qualified, and if it did not qualify, why the overbid did not qualify. On or before May 14, 2020, the Debtor will notify each party whose overbid qualified of the identity and contents of the highest and best overbid existing as of that time.

### "As Is, Where Is"

The sale of the assets will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtor, except, with respect to a successful bidder, to the extent set forth in the relevant Overbidder Agreement executed by such successful overbidder approved by the Bankruptcy Court.

### Free of Any and All Claims and Interests

The assets shall be sold free and clear of all Encumbrances to the maximum extent permitted under section 363(f) of the Bankruptcy Code, except for Permitted Encumbrances and those liabilities of Seller expressly assumed or agreed to be discharged by the winning overbidder.

409992-v2

**Cure Amounts Associated With Assumed and Assigned Contracts**

On or before May 7, 2020 (14 days prior to the Sale Hearing), the Debtor will file with the Bankruptcy Court and serve on each nondebtor party to a Contract or Lease a notice of potential assumption and assignment (the "Cure Notice").  The Cure Notice shall state the cure amount that the Debtor believes is necessary to assume such Contract or Lease pursuant to section 365 of the Bankruptcy Code (the "Cure Amount") and notify each party that such party's Contract or Lease is subject to potential assumption and assignment of their respective Contract or Lease to one of the qualified bidders at the conclusion of the Sale Hearing.  Each non-debtor party to the Contracts or Leases shall have until May 14, 2020 (seven days prior to the Sale Hearing) to file and serve any objection to the assumption and assignment of the Contract or Lease and/or the Cure Amount and must state in its objection with specificity what Cure Amount the party contends is required (with appropriate documentation in support thereof).  If no objection is timely received, the Cure Amount set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Contract or Lease, or any other document, and the non-Debtor party to the Contract or Lease shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims as to such Contract or Lease against the Debtor, an assignee of the Contract or Lease, or the property of any of them.  If an objection to the Cure Amount is timely filed and received and the parties are unable to consensually resolve the dispute, the amount to be paid under section 365 of the Bankruptcy Code, if any, with respect to such objection will be determined at the Sale Hearing or at a subsequent hearing date to be determined by the Bankruptcy Court.  Cure Amounts with respect to any Contract or Lease that is assumed and assigned to a purchaser shall be paid out of the proceeds of sale.

**Sale Hearing/Auction**

On May 21, 2020, at 10:00 a.m., the Bankruptcy Court will conduct a "Sale Hearing" in Department 2 of the Jacob Weinberger United States Courthouse, 325 West F Street, San Diego, California 92101.  In the event that no qualified overbid has been timely received, the Debtor will request that the Bankruptcy Court

409992-v2

approve the sale of the Debtor's assets to the Stalking Horse on the terms set forth in the Asset Purchase Agreement.  In the event that one or more qualified overbids have been received, the Debtor will conduct an auction under the supervision of the Bankruptcy Court.  In order to bid at the auction, a party must have timely submitted a <u>qualified</u> overbid as described above.  Bidding by telephonic appearance will be permitted during the Sale Hearing pursuant to procedures established by the Bankruptcy Court prior to the Sale Hearing.  Subsequent overbid increments will be in amounts of $100,000 or such other amount as the Debtor may set and the Bankruptcy Court may approve.  The Debtor retains full discretion to select the "highest and best" overbid and to request that the Bankruptcy Court approve it as the winning bid.  The Debtor may also request that the Bankruptcy Court approve one or more "back up" bids from qualified overbidders, with whom the Debtor may close if the winning bidder fails to do so; provided that, for the avoidance of doubt, no overbidder shall be required to be a "back up" bidder unless such overbidder expressly consents in writing to do so.  The Stalking Horse will not be required to be a "back up" bidder.

**Closing**

The closing shall take place on or about the date which shall be the first day of the month following the last to occur of the following, or such earlier date as the Parties may agree:

(i)     ten (10) days following Buyer's receipt of approval of the change of ownership and the issuance of any other license or Certificates of Need (if applicable) necessary for the operation of the Facility by the Alabama Department of Public Health ("ADPH") and the Alabama State Health Planning and Development Agency ("SHPDA"), including without limitation the New Operator Licenses (defined as the transfer or issuance, as applicable, of new operating licenses to the Buyer or its designee by ADPH with respect to the Facility as a 143-bed skilled nursing facility, a 98-bed assisted living facility, and a specialty care assisted living facility of not less than 41 beds; and

(ii)    the Sale Order has become a Final Order.

409992-v2

**Questions Regarding Overbid Procedures**

Questions regarding these Overbid Procedures should be directed to the Debtor's counsel or Bankruptcy Court-approved broker: Blueprint Healthcare Real Estate Advisors, LLC, ATTN: Jacob Gehl, jacob@blueprintHCRE.com, 310.893.7182.

**EXHIBIT "B"**

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Christopher V. Hawkins, SBN 222961
600 B Street, Suite 1700
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

**Electronically Filed:**

Counsel for Debtor and Debtor in Possession, Vestavia Hills, Ltd. dba Mount Royal Towers

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 20-00018-LA11 |
| VESTAVIA HILLS, Ltd, an Alabama Limited Partnership, dba Mount Royal Towers | Chapter 11 |
| Debtor. | **NOTICE OF SALE OF ASSETS, BIDDING PROCEDURES, ASSUMPTION AND ASSIGNMENT OF CONTRACTS, AND SALE HEARING** |
| | **Initial Hearing Date:** TBD<br>Time: TBD<br>**Sale Hearing Date:** TBD<br>Time: TBD |
| | Ctrm: 2<br>United States Bankruptcy Court<br>325 West "F" Street<br>San Diego, CA 92101-6991<br>Judge: Hon. Louise DeCarl Adler |

**TO THE HONORABLE LOUISE DECARL ADLER, THE UNITED STATES TRUSTEE, ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE THAT on _____, 2020, Vestavia Hills, Ltd. ("Debtor"), the Chapter 11 debtor and debtor in possession, filed its Motion for _____ (the "Motion"), as Docket No. _____, with the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court"). Any capitalized term not otherwise defined herein shall have the meaning given it in the Motion.

By order dated _____("Bidding Procedures Order"), the Bankruptcy Court approved the Bidding Procedures governing the sale of substantially all of the assets of the Debtor. A copy of the Bidding Procedures Order is attached as Exhibit "A" hereto.

All interested parties are invited to make a bid in accordance with the terms of the Bidding Procedures.

Bids must be received by the Escrow Agent on or before **_____, 2020 at __:00 p.m.** Pacific Standard Time (the "Bid Deadline"). Escrow Agent can be contacted by phone at 310-893-7182 or by email at jacob@blueprintHCRE.com, Attention: Jacob Gehl, as more fully discussed in the Bidding Procedures Order.

On _____ at _____Pacific Standard Time, the Bankruptcy Court will conduct a "Sale Hearing" to approve the sale. The Sale Hearing will be held at the United States Bankruptcy Court, Southern District of California located at 325 West "F" Street, San Diego, CA 92101-6991, Courtroom 2. If the Debtor receives two or more qualified bids, the Bankruptcy Court will conduct an auction at the Sale Hearing. In the event of a change in time or place of the auction, the Debtor shall use their reasonable best efforts to notify all qualified bidders who have timely submitted qualified bids on or before the Bid Deadline; provided, however, that the Bid Deadline can be extended by order of the Bankruptcy Court or written agreement

of the Debtor. Any objections to the sale must be filed and served no later than May 7, 2020 (14 days before the Sale Hearing). Any replies to objections must be filed and served no later than May 14, 2020 (seven days before the Sale Hearing).

Upon completion of the auction, the Debtor shall then submit the successful bid and any back-up bid for approval by the Bankruptcy Court. Any objections to the sale must be filed with the Court and served on the Debtor no later than 7 days prior to the Sale Hearing.

If you did not receive a set of the moving papers, such papers will be provided, upon request, by the undersigned, or may be inspected at the office of the Clerk of the Bankruptcy Court at 325 West "F" Street, San Diego, CA 92101-6991.

Dated:   March 23, 2020          SULLIVAN HILL REZ & ENGEL
                                  A Professional Law Corporation


                                  By:   /s/ *James P. Hill*
                                        James P. Hill
                                        Christopher V. Hawkins
                                        Counsel for Debtor and Debtor in
                                        Possession, Vestavia Hills, Ltd. dba
                                        Mount Royal Towers

## Exhibit Table

| Exhibit | Description | Pages |
|---------|-------------|-------|
| A | Bidding Procedures Order | |