JOHN C. CANNIZZARO (CA Bar No. 305047)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126
*Counsel for Gordon Food Service, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>VESTAVIA HILLS, LTD.,<br><br>Debtor. | Case No. 20-00018-LA11<br><br>Chapter 11<br><br>**MOTION OF GORDON FOOD SERVICE, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE PRIORITY CLAIM UNDER 11 U.S.C. § 503(b)(9)** |

Gordon Food Service, Inc. ("GFS"), by its undersigned counsel, hereby submits its Motion of Gordon Food Service, Inc. for Allowance and Payment of Administrative Priority Claim pursuant to 11 U.S.C. § 503(b)(9) (the "Motion"). GFS respectfully requests that the Court enter an order (1) allowing GFS an administrative expense claim of $27,408.75 pursuant to 11 U.S.C. § 503(b)(9); (2) directing that distributions on the claim be made at the earliest date and at the same percentage as any other allowed administrative claims of equal priority; and (3) for such other and further relief as this Court deems just and proper. The Motion is supported by the attached memorandum of points and authorities and Declaration of Tanesha Berry (the "Berry Declaration").

CO\6462039.1

| | | |
|---|---|---|
| Dated: July 2, 2020 | Respectfully submitted, | |
| | **ICE MILLER LLP** | |
| | */s/ John C. Cannizzaro* | |
| | John C. Cannizzaro (CA Bar No. 305047) | |
| | 250 West Street, Suite 700 | |
| | Columbus, OH 43215 | |
| | Telephone: (614) 462-5013 | |
| | Facsimile: (614) 224-3126 | |
| | | |
| | Jason M. Torf | |
| | 200 W. Madison Street, Suite 3500 | |
| | Chicago, IL 60606 | |
| | Telephone: (312) 726-6244 | |
| | Email: Jason.Torf@icemiller.com | |
| | *Counsel for Gordon Food Service, Inc.* | |

CO\6462039.1

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 3, 2020 (the "Petition Date"), Vestavia Hills, Ltd., dba Mount Royal Towers (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is currently operating as debtor-in-possession.

Before the Petition Date, GFS shipped goods to the Debtor pursuant to certain Customer Account Application between GFS and Debtor dated June 5, 2015 (the "Agreement"). A true and accurate copy of the Agreement is attached as **Exhibit A** to the Berry Declaration. A summary of the invoices for the goods received by Debtor are attached hereto as **Exhibit B** to the Berry Declaration. And the invoices for the goods are attached hereto as **Exhibit C** to the Berry Declaration.

The Debtor received $27,408.75 worth of goods from GFS within the 20-day period before the Petition Date (the "20-Day Goods"). Accordingly, GFS is entitled to an administrative priority claim of $27,408.75 pursuant to 11 U.S.C. § 503(b)(9) (the "503(b)(9) Claim").

Section 503(b)(9) of the Bankruptcy Code states that "after notice and a hearing, there shall be allowed administrative expenses" for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). GFS sold the 20-Day Goods to the Debtor, and the Debtor received the 20-Day Goods, within 20 days prior to the Petition Date. The 20-Day Goods were sold to the Debtor in the ordinary course of the Debtor's business. GFS has not received payment for the 20-Day Goods. Accordingly, pursuant to section 503(b)(9), GFS is entitled to an administrative claim for the value of the 20-Day Goods provided to the Debtor. As an administrative claim, the 503(b)(9) Claim is entitled to priority in any distribution from assets of the Debtor's estates. 11 U.S.C. § 507(a)(2). This priority is secondary only to domestic support claims. 11 U.S.C. §

CO\6462039.1

507(a)(1). The 503(b)(9) Claim must be paid in full in cash in order for the Court to confirm any plan of reorganization. 11 U.S.C. § 1129(a)(9)(A).

GFS has also filed a proof of claim in this case, which includes its 503(b)(9) Claim. To be clear, GFS does not seek a double recovery by filing this Motion – it is only asking that its 503(b)(9) Claim be allowed and paid at its appropriate priority. To the extent GFS' 503(b)(9) Claim is not allowed as a priority claim, then GFS is entitled to an unsecured claim for the amount of its 503(b)(9) Claim.

This Motion is made without prejudice to, and GFS reserves, all other rights, claims, demands, and remedies available to GFS, at law or in equity. In addition, GFS reserves the right to seek payment of further amounts under section 503(b)(9) if it later discovers information that additional goods were received by the Debtor within 20 days of the Petition Date.

**WHEREFORE,** having satisfied the requirements of section 503(b)(9), GFS requests that this Court enter an order: (1) allowing the 503(b)(9) Claim; (2) directing that distributions on the 503(b)(9) Claim be made at the earliest date and at the same percentage as any other allowed administrative claims of equal priority against the Debtor's estate; and (3) for such other and further relief as this Court deems just and proper.

Dated: July 2, 2020　　　　　　　Respectfully submitted,

**ICE MILLER LLP**

*/s/ John C. Cannizzaro*
John C. Cannizzaro (CA Bar No. 305047)
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126

Jason M. Torf
200 W. Madison Street, Suite 3500
Chicago, IL 60606
Telephone: (312) 726-6244
Email: Jason.Torf@icemiller.com
*Counsel for Gordon Food Service, Inc.*

CO\6462039.1