SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Christopher V. Hawkins, SBN 222961
  Kathleen A. Cashman-Kramer, SBN 128861
600 B Street, Suite 1700
San Diego, California 92101
Telephone:  (619) 233-4100
Fax:         (619) 231-4372

Counsel for Debtor and Debtor in Possession,
Vestavia Hills, Ltd., dba Mount Royal Towers

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>VESTAVIA HILLS, Ltd., dba Mount Royal Towers,<br><br>        Debtor. | CASE NO. 20-00018-LA11<br><br>Chapter 11<br><br>**NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST OF DATE FIXED AS LAST DATE FOR FILING PROOFS OF CLAIMS OR INTERESTS FOR CHAPTER 11 ADMINISTRATIVE CLAIMS: APRIL 9, 2021**<br><br>Date: none required<br>Time: none required<br><br>United States Bankruptcy Court<br>325 West "F" Street<br>San Diego, CA 92101-6991<br>Judge: Hon. Louise DeCarl Adler |

TO: ALL ENTITIES WHO MAY HAVE CHAPTER 11 ADMINISTRATIVE CLAIMS AGAINST the Debtor Vestavia Hills, Ltd., dba Mount Royal Towers:

PLEASE TAKE NOTICE THAT on January 3, 2020 ("Petition Date"), Vestavia Hills, Ltd., dba Mount Royal Towers ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California ("Court").

Pursuant to an order of the Court entered on March 1, 2021 [ECF No. 470] ("Administrative Claims Bar Date Order"), the deadline for any person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against the Debtor, including, without limitation, ad valorem tax claims, which claim was incurred, arose, or became due after the Petition Date, and remains unpaid, to file proofs of claim against the Debtor is Friday, April 9, 2021 ("Administrative Claims Bar Date"). The Administrative Claims Bar Date[1] applies to all claims against the Debtor that arose after the Petition Date; provided however, that the Bar Dates do not apply to the "Excluded Claims" listed below.

Unless your claim falls into one of the "Excluded Claims" categories listed below, and your claim accrued after the Petition Date, you MUST file a proof of claim if you have a claim[2] against the Debtor that arose after the Petition Date.

**Excluded Claims**. The Administrative Claims Bar Date Order provides that creditors do NOT have to file proofs of claim by the Administrative Claims Bar Date for the following types of claims (collectively, the "Excluded Claims"):

☒ Claims of the U.S. Trustee for fees payable pursuant to 28 U.S.C. § 1930;
☒ Claims for which a proof of post-petition administrative priority claim against the Debtor has been properly filed;
☒ Claims of any and all professionals retained in this Chapter 11 case by the Debtor who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;
☒ Claims of any party that is exempt from filing a filing a proof of claim pursuant to an order of the Court in these this Chapter 11 case, including without limitation any order approving post-petition debtor in possession financing;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the motion for entry of the Bar Date Order filed on April 29, 2020 [Dkt. No. 235].

[2] Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

☒ Any claim that has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court; and

☒ Any claim against the Debtor that has been allowed by an order of the Court, entered on or before the applicable Administrative Claims Bar Date.

You need not file a proof of claim at this time for any Excluded Claim. The Court may enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of Excluded Claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR BELIEVES YOU HAVE A CLAIM.**

**CONSEQUENCES OF MISSING THE DEADLINE FOR FILING CLAIMS: EXCEPT WITH RESPECT TO EXCLUDED CLAIMS (AS DESCRIBED ABOVE), IF YOU FAIL TO TIMELY FILE A PROOF OF ON THE ADMINISTRATIVE CLAIMS BAR DATE ON ACCOUNT OF ANY CLAIM YOU WISH TO ASSERT AGAINST THE DEBTOR, THEN YOU WILL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES WITH RESPECT TO THE CHAPTER 11 CASE.**

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: March 4, 2021

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By: /s/James P. Hill
James P. Hill
Attorneys for Debtor and Debtor in Possession, Vestavia Hills, Ltd., dba Mount Royal Towers