JULIAN I. GURULE (SBN: 252160)
    jgurule@buchalter.com
ANTHONY J. NAPOLITANO (SBN: 227691)
    anapolitano@buchalter.com
BUCHALTER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

RICHARD J. BROCKMAN (admitted *pro hac vice*)
BRENT D. HITSON (admitted *pro hac vice*)
MARC P. SOLOMON (admitted *pro hac vice*)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

*Attorneys for Commonwealth Assisted Living, LLC*

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>VESTAVIA HILLS, LTD., d/b/a MOUNT ROYAL TOWERS,<br><br>　　　　　Debtor. | Case No. 20-00018-LA11<br><br>Chapter 11<br><br>**DECLARATION OF ANTHONY NAPOLITANO IN SUPPORT OF COMMONWEALTH ASSISTED LIVING, LLC'S MOTION TO DISMISS CHAPTER 11 CASE**<br><br>[Motion, Memorandum of P&As, Request for Judicial Notice and Declaration of Richard Brewer concurrently filed]<br><br>**Hearing:**<br>Date:　　　May 12, 2022<br>Time:　　　2:00 p.m. PDT<br>Place:　　　United States Bankruptcy Court<br>　　　　　　Courtroom 2, Room 118<br>　　　　　　325 West F Street<br>　　　　　　San Diego, CA 92101<br>Judge:　　　Louise De Carl Adler |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

**DECLARATION OF ANTHONY NAPOLITANO IN SUPPORT OF COMMONWEALTH ASSISTED LIVING, LLC'S MOTION TO DISMISS CHAPTER 11 CASE**

# DECLARATION OF ANTHONY NAPOLITANO

I, Anthony Napolitano, hereby declare as follows,

1. I am an attorney at law duly licensed by the State of California and admitted to practice before all courts of the State of California, and the United States District Court for the Central District of California. I am a Senior Counsel of Buchalter, a professional corporation ("Buchalter"), counsel of record to Commonwealth Assisted Living, LLC ("Commonwealth"), credit in the above-captioned chapter 11 case, commenced by Vestavia Hills, Ltd., d/b/a Mount Royal Towers ("Debtor").

2. I am over the age of 18 and have personal knowledge of the facts contained in this declaration. As to the following facts, unless otherwise stated, I know them to be true both from (i) my personal knowledge obtained through Buchalter's representation of Commonwealth in this matter, (ii) from my review of documents received in the ordinary course of business by Buchalter in connection with its representation of Commonwealth in this matter, or (iii) from documents filed on the various court dockets in connection with this matter. If sworn as a witness, could and would testify competently to the truth thereof.

3. I have been authorized by Commonwealth to submit this declaration. I make this declaration in support of the concurrently filed *Motion to Dismiss Chapter 11 Case*.

4. On January 3, 2020, the Debtor filed its chapter 11 petition in this Court staying the state court action—designated as *Commonwealth Assisted Living, LLC v. Vestavia Hills Ltd.*, Case No. CV-2018-00390 (Ala. Cir. Court) (the "State Court Action") assigned to the Circuit Court of Jefferson County, Alabama—as to the Debtor.

5. On January 13, 2020, the Debtor removed the State Court Action under 28 U.S.C. § 1452 to the United States District Court, Northern District of Alabama.

6. On January 14, 2020, the Debtor filed a motion to transfer the venue of the removed State Court Action to this Court. In the removed State Court Action, Commonwealth filed its motion for remand (the "Remand Motion") on January 29, 2020 and its opposition to the Debtor's motion to transfer venue on February 13, 2020.

2

**DECLARATION OF ANTHONY NAPOLITANO IN SUPPORT OF COMMONWEALTH ASSISTED LIVING, LLC'S MOTION TO DISMISS CHAPTER 11 CASE**

7. The United States Bankruptcy Court, Northern District of Alabama, transferred venue of the removed State Court Action to this Court, but did not decide the Debtor's motion to remand. The removed State Court Action was docketed in this Court on April 8, 2020 as *Commonwealth Assisted Living, LLC, Series E v. Vestavia Hills, Ltd., et al.*, Adv. Proc. No. 20-90060-LA (Bankr. S.D. Cal.).

8. On January 24, 2020, Commonwealth filed its motion for relief from the automatic stay to allow Commonwealth to proceed with its claims against the Debtor in the State Court Action (the "Stay Relief Motion").

9. On February 13, 2020, the Debtor filed its *Motion for Order: (1)(A) Approving Stalking Horse Agreement; (B) Approving Overbid Procedures; (C) Approving Retention of Broker; (D) Approving Rejection of Commonwealth Agreement; (E) Scheduling Final Sale Hearing; and (2)(A) Approving Sale of Assets Free and Clear; (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Bk. Docket No. 121] (the "Sale Motion") seeking to sell substantially all of its assets consisting of the Facility to Med Healthcare Partners, LLC ("Med Healthcare") as the stalking horse bidder.

10. The Court approved the Debtor's sale procedures on March 25, 2020. Thereafter, the Debtor filed and served its *Notice of Sale of Assets, Bidding Procedures, Assumptions and Assignment of Contracts, and Sale Hearing* providing (1) notice of the auction process for the sale of Mount Royal Towers and (2) the May 21, 2020 hearing on the Sale Motion to approve such sale.

11. On May 21, 2020, at the Debtor's request, this Court entered its *Order Granting Debtor's Motion to Amend Overbid Procedures and Deadlines and to Set New Date for Final Sale Hearing*, which continued the sale hearing to July 30, 2020.

12. The Court approved the sale to Med Healthcare at the July 30, 2020 hearing. The sale was projected to close on or before December 2020/January 2021. Yet, on January 18, 2021, the Debtor stated in its *Fourth Motion to Extend Exclusivity Periods* that "the major milestone in the case—a closing of the already-approved sale of the Debtor's operating business—is within sight . . . ." Six more months later and the sale of Mount Royal Towers to Med Healthcare had not yet occurred.

**DECLARATION OF ANTHONY NAPOLITANO IN SUPPORT OF COMMONWEALTH ASSISTED LIVING, LLC'S MOTION TO DISMISS CHAPTER 11 CASE**

13. On July 2, 2021, the Debtor filed its *Proposed Disclosure Statement Describing the Debtor's Chapter 11 Plan of Reorganization dated July 2, 2021*, stating that "[t]he sale is expected to close by, on or before September 30, 2021" over 14 months after the initial sale hearing.

14. The hearing on Commonwealth's Remand Motion and Stay Relief Motion occurred on September 21, 2021 with the Court granting both motions.

15. On October 12, 2021, this Court entered its *Order on Motion to Remand the Adversary Proceeding* remanding the State Court Action in its entirety to the Alabama State Court.

16. That same day, the Court also entered its *Order on Commonwealth's Motion for Relief from the Automatic Stay* (the "Stay Relief Order"), which terminated the automatic stay "to permit Commonwealth to proceed against the Debtor and its estate to entry of a final judgment (including any appeals) in accordance with applicable non-bankruptcy law" in the remanded State Court Action.

17. On October 20, 2021, the Debtor filed its *Notice of Sale Closing and Notice Vacating Reserved Hearing Dates*, stating that the sale of the Facility to MED Healthcare had closed on October 19, 2021.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on April 8, 2022, in Los Angeles, California.

ANTHONY NAPOLITANO

A PROFESSIONAL CORPORATION
LOS ANGELES

4

**DECLARATION OF ANTHONY NAPOLITANO IN SUPPORT OF COMMONWEALTH ASSISTED LIVING, LLC'S MOTION TO DISMISS CHAPTER 11 CASE**