JOHN C. CANNIZZARO (CA Bar No. 305047)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126
*Counsel for Gordon Food Service, Inc.*

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>VESTAVIA HILLS, LTD.,<br><br>Debtor. | Case No. 20-00018-LA11<br><br>Chapter 11<br><br>**LIMITED RESPONSE OF GORDON FOOD SERVICE, INC. TO COMMONWEALTH ASSISTED LIVING, LLC'S MOTION TO DISMISS CHAPTER 11 CASE**<br><br>Date: May 12, 2022<br>Time: 2:00 p.m.<br>Place: United States Bankruptcy Court<br>Courtroom 2, Room 118<br>325 West F Street<br>San Diego, California 92101<br><br>Judge: Louise De Carl Adler |

Gordon Food Service, Inc. ("GFS"), by its undersigned counsel, hereby submits the following limited response to the motion (the "Motion") of Commonwealth Assisted Living, LLC ("Commonwealth") to dismiss this chapter 11 case pursuant to section 1112(b)(1) of the Bankruptcy Code.

## BACKGROUND

Prior to the filing of this case, GFS provided foodservice goods to Vestavia Hills, Ltd., d/b/a Mount Royal Towers (the "Debtor"). On June 30, 2020, GFS filed proof of claim no. 9-1 (the "Proof of Claim"), asserting a total claim of $36,358.07. Of that, $27,408.75 was a claim for goods entitled to administrative priority under 11 U.S.C. § 503(b)(9) (the "Administrative Claim").

4876-5464-3485.2

On July 2, 2020, GFS filed a motion for allowance and payment of administrative priority claim under 11 U.S.C. § 503(b)(9) (the "503(b)(9) Motion," Doc. No. 314). No party objected to the 503(b)(9) Motion.

On July 17, 2020, the Court entered an order approving a stipulation between the Debtor and GFS regarding the Proof of Claim and the 503(b)(9) Motion (the "Order," Doc. No. 334). Pursuant to the Order, GFS holds an allowed unsecured claim totaling $36,358.07. Of that, $27,408.75 is an allowed Administrative Claim under 11 U.S.C. § 503(b)(9). The Order further provides that GFS's Administrative Claim must be paid "at the earliest date and at the same percentage as any other allowed administrative claims of equal priority." To date, GFS has received no distribution on its Administrative Claim.

## GFS'S LIMITED OBJECTION TO THE MOTION TO DISMISS

In its Motion, Commonwealth asserts that "multiple bases for dismissal exist" under section 1112(b). *See* Memorandum in Support of Motion at 8. GFS takes no position on the bases argued in the Motion, except to note that (1) section 1112(b)(4) outlines cause for dismissal *or conversion*, and (2) the Court may need to give Commonwealth's arguments extra scrutiny given its litigation posture with the Debtor.

The Motion devotes many pages to arguing cause exists under section 1112(b) but barely a paragraph to whether conversion or dismissal is in the best interest of creditors. According to Commonwealth, dismissal is the better choice because "there remain no material assets to administer." *See* Memorandum in Support of Motion at 10. This is demonstrably false. As the Debtor's most recent monthly operating report makes clear, the estate currently holds a substantial amount of cash on hand. *See* March Monthly Operating Report (Doc. No. 723). Further, the estate is continuing to litigate causes of action (against Commonwealth no less), which are clearly assets of the estate. If cause exists under section 1112(b), then the appropriate path at this juncture would be conversion to Chapter 7 so that an independent trustee can marshal the estate's remaining assets, evaluate and liquidate the causes of action, and distribute the proceeds.

4876-5464-3485.2

If the Court decides to grant the Motion and chooses dismissal over conversion, such dismissal should be appropriately structured to distribute the remaining liquid assets of the Debtor in accordance with the priority scheme set forth in the Bankruptcy Code and this Court's prior orders. Pursuant to 11 U.S.C. § 507(a)(2), GFS's Administrative Claim is entitled to priority over all claims except domestic support obligations. Further, the Court's Order on GFS's 503(b)(9) Motion expressly required GFS to be paid **at the same time** and **at the same percentage** as other administrative expense claims of equal priority.

As set forth in the Debtor's most recent monthly operating report, the Court has allowed the professionals fees and expenses totaling $3,280,821.00 as of March 31, 2022. Of that, the professionals have received $2,836,043 (a little over 86% of the allowed total). *See* March Monthly Operating Report (Doc. No. 723). It is likely that the professionals have received more since March 31. The Debtor should be required to comply with the Court's Order and 11 U.S.C. § 507 and pay GFS at least a pro rata distribution on its Administrative Claim prior to any dismissal or conversion.

## **CONCLUSION**

If the Court finds that cause exists under section 1112(b) and that circumstances do not warrant the Debtor remaining in chapter 11, conversion to Chapter 7 would be in the best interests of the estate. Regardless of which remedy the Court chooses, the Debtor should be required to comply with this Court's Order on GFS's 503(b)(9) Motion and pay GFS its pro rata share of its allowed Administrative Claim prior to any conversion or dismissal.

*(remainder of page intentionally left blank)*

4876-5464-3485.2

| | |
|---|---|
| Dated: April 22, 2022 | Respectfully submitted,<br><br>**ICE MILLER LLP**<br><br>*/s/ John C. Cannizzaro*<br>John C. Cannizzaro (CA Bar No. 305047)<br>250 West Street, Suite 700<br>Columbus, OH 43215<br>Telephone: (614) 462-5013<br>Facsimile: (614) 224-3126<br>Email: John.Cannizzaro@icemiller.com<br><br>Jason M. Torf<br>200 W. Madison Street, Suite 3500<br>Chicago, IL 60606<br>Telephone: (312) 726-6244<br>Email: Jason.Torf@icemiller.com<br><br>*Counsel for Gordon Food Service, Inc.* |

4876-5464-3485.2