William A. Smelko (Bar No. 96970)
E-mail: bill.smelko@procopio.com
Gerald P. Kennedy (Bar No. 105887)
E-mail: gerald.kennedy@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Clark R. Hammond (Admitted *Pro Hac Vice*)
Email: chammond@wallacejordan.com
Wallace Jordan Ratliff & Brandt LLC
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
Telephone: (205) 874-0331

Attorneys for Creditors, Limited Partners & Post-Petition DIP Lenders, Judith A. Chance, Karen McElliott, Frank A. Virgadamo, Connie Virgadamo, B. Renee Barnard, Charles Barnard and Jack L. Rowe

# UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No. 20-00018-LA-11 |
|---|---|
| VESTAVIA HILLS, LTD. DBA MOUNT ROYAL TOWERS, | Chapter 11 |
| Debtor. | **DECLARATION OF KEVIN MORIARTY IN SUPPORT OF CREDITORS' OPPOSITION TO COMMONWEALTH ASSISTED LIVING, LLC'S MOTION TO DISMISS CHAPTER 11 CASE** |
| | Date: May 12, 2022<br>Time: 2:00 p.m.<br>Ctrm: US Bankruptcy Court<br>Courtroom 2, Room 118<br>325 West "F" Street<br>San Diego, CA 92101<br>Judge: Hon. Louise DeCarl Adler |

1

I, Kevin Moriarty, declare as follows:

1. I am an individual over the age of majority and I have personal knowledge of the contents of this declaration, and am competent to testify as to the facts set forth in this declaration. If called upon to testify, I could and would testify to the facts set forth in this declaration.

2. I am the President and Chief Executive Officer of IPG Holding, Inc., the General Partner of Vestavia Hills, Ltd., dba Mount Royal Towers, the Debtor and debtor and possession ("Vestavia" or the "Debtor") in the above-captioned Chapter 11 bankruptcy (the "Bankruptcy") filed January 3, 2020 (the "Petition Date"). I have held my position since 2016. Prior to that time, I served the Debtor in various other capacities, some going back as far as 1998. As part of my employment and service in these capacities, I am generally familiar with the Debtor's history, day-to-day operations, business and financial affairs, and books and records, as well as the Debtor's restructuring efforts.

3. I submit this declaration in support of the Opposition ("Dismissal Response") by the Debtor's limited partners, largest unsecured creditors and Debtor-in-Possession lenders, Judith A. Chance, Karen L. McElliott, Frank A. Virgadamo, Connie A. Virgadamo, B. Renee Barnard, Charles L. Barnard and Jack L. Rowe as the limited partners and post-petition DIP lenders (collectively, "Limited Partners"), to Commonwealth Assisted Living, LLC's Motion to Dismiss Chapter 11 Case filed by Commonwealth Assisted Living, LLC, Series E ("Commonwealth") on April 8, 2022 (ECF #714) (the "Dismissal Motion").

4. The Debtor's assets consisted primarily of real and personal property used for a continuing care retirement community located at 300 Royal Tower Drive, Vestavia Hills, Alabama (the "Property" or "MRT"), the sale of which (the "Sale") the Court approved by order entered August 31, 2020 (ECF #381) (the "Sale Order"), to MED Healthcare Partners, LLC ("MED").

5.  The Sale of MRT to MED closed on October 19, 2021 (the "Sale Closure"), with all of the net Sale proceeds of $11,306,598.16 paid to the Debtor's only secured creditor, Wells Fargo Bank, N.A. ("Wells Fargo"), in satisfaction of Wells Fargo's Proof of Claim No. 8 in the Bankruptcy, pursuant to the Debtor's settlement with Wells Fargo approved by order of the Court entered November 19, 2021 (ECF #639) (the "Wells Fargo Settlement Order").

6.  On January 22, 2020, the Bankruptcy Court initially approved an emergency loan (line of credit) funding for the Debtor from the Limited Partners in order for the Debtor to maintain safe operating conditions at MRT (ECF #48) (the "Emergency Financing Order"). On February 4, 2020, the Bankruptcy Court further approved the "Interim Financing" arrangements between the Debtor and the Limited Partners for line of credit borrowing (the "DIP Financing") (ECF #100) (collectively with the Emergency Financing Order, the "DIP Financing Orders").

7.  Pursuant to the DIP Financing Orders, all sums advanced thereunder by the Limited Partners as good faith "DIP Lenders" under 11 U.S.C. §364(e) (collectively, the "DIP Claims"), were granted "administrative expense priority status under 11U.S.C §503(b)(1), subordinate only to the allowed administrative expense claims of Debtor's Court-appointed professionals," and the quarterly fees of the United States Trustee.

8.  In reliance upon the terms of the DIP Financing Orders and the rights and interests provided therein, the Limited Partners as "DIP Lenders" effectively became the financial backstop for the Debtor to safely operate MRT pending the Sale Closure, by timely paying all post-petition operating expenses, while also making monthly adequate protection payments to Wells Fargo of $65,000 (the "WF Adequate Protection Payments"), as ordered by the Court on February 3, 2020 (ECF #95) (the "WF AP Order").

9.  In addition to WF Adequate Protection Payments and in further reliance on the DIP Financing Orders and other orders entered by the Court, the Limited

Partners also paid Wells Fargo an additional $1,210,000 (collectively with the WF Adequate Protection Payments, the "Wells Fargo Payments"), consisting of: (i) the payment of $1,000,000 on January 15, 2021, and (ii) monthly payments of $15,000 pursuant to the Court's order entered in *Vestavia Hills, Ltd. dba Mount Royal Towers v. Wells Fargo Bank National Association,* Adversary Proceeding Number 20-90083-LA (the "WF Adv.") on August 6, 2020 (WF Adv. #37) (the "WF Injunction Order"), and a further order by the Court entered in the Bankruptcy on August 19, 2020 (ECF #378) (the "WF Claim Objection Order," and collectively with the WF AP Order and WF Injunction Order, the "Wells Fargo Payment Orders").

10. On April 9, 2021, the Limited Partners timely filed their respective administrative Proof of Claim Nos. 19-23, which included DIP Claims as provided under the DIP Financing Orders for the DIP Financing and Wells Fargo Payments by the Limited Partners for the benefit of the Debtor, that at the time totaled in the aggregate $2,220,000 (collectively, the "Priority Administrative DIP Claims").

11. After filing their Priority DIP Administrative Claims and in further reliance on the DIP Financing Orders, the Limited Partners continued to provide additional DIP Financing and Wells Fargo Payments for the benefit of the Debtor up until the Sale Closure in the sum of $90,000, bringing the total DIP Claims to $2,310,000. This includes only the $15K per month payments made from the LP's direct to WF for the period between April and October 2021. It does not include the $3M paid to WF by the LP's in Dec. 2021 or the $666,667 paid by the LP's to WF in March 2022.

12. The terms of the Wells Fargo Settlement have been complied with by the Limited Partners. All required payments have been made. Two more payments are required, one in June and the final one in September. Once the September payment is made, the Wells Fargo Claim and obligation will be ended.

13. The Debtor has a current cash balance in its accounts of $358,927 as of April 22, 2022. All US Trustee fees have been paid and are current. Subject to final

applications and orders approved by the Court, unpaid fees and costs currently owing to Court-appointed professionals total $38,848, leaving a balance of $320,079 (the "Current Remaining Funds").

14. In addition to the Current Remaining Funds, the Debtor anticipates receiving a refund from the Jefferson County Tax Assessor and Board of Equalization based upon a refund of excess 2021 *ad valorum* taxes paid by the Debtor in the agreed sum of approximately $107,000 (the "County Tax Refund"). It is unclear at this time when exactly the County Tax Refund will be received, but it will likely be after the hearing on the Dismissal Motion.

15. In the Alabama state court litigation, Commonwealth's motion to dismiss the counterclaims asserted by the Debtor and the Limited Partners against Commonwealth was denied. The next status hearing in the Alabama state court is set for June 10, 2022. At this time, a trial date on the Commonwealth claims and the counterclaims by the Debtor and the Limited Partners in the Alabama state action has not been scheduled.

I declare under penalty of perjury that the foregoing is true and correct. Signed and dated this 22nd day of April 2022, at San Diego, California.

_____
Kevin Moriarty