TENTATIVE RULING

ISSUED BY JUDGE LOUISE DECARL ADLER

Debtor: VESTAVIA HILLS, LTD.
Number: 20-00018-LA11

Hearing: 02:00 PM Thursday, May 12, 2022

Motion: 1) COMMONWEALTH ASSISTED LIVING, LLC'S MOTION TO DISMISS BANKRUPTCY CASE FILED BY JULIAN GURULE ON BEHALF OF COMMONWEALTH ASSISTED LIVING, LLC, SERIES E

Motion of Commonwealth Assisted Living, LLC ("Commonwealth") to Dismiss **DENIED** without prejudice.

Commonwealth brings this motion to dismiss under 11 U.S.C. Sec. 1112(b)(4)(A) and (J)

**FACTUAL SUMMARY**:

Debtor sold its business- a continuing care retirement facility in Alabama-after incredible difficulty-during the midst of a global pandemic. The sale was approved at an auction by order entered in August 2020 but because of the Ala. and state regulatory licensing and operating approvals required, the sale did not close until Oct. 2021.

The debtor filed a Ch. 11 plan which this Court found as facially unconfirmable and directed the filing of an amended plan by 9/27/2021. No plan has been filed; there is currently no operating business.

Debtor remains embroiled in litigation with Commonwealth, a disappointed pre-petition suitor for the facility, who moved for and finally obtained remand of its litigation back to Ala. state court shortly before the sale closed. There is a discovery cutoff in that litigation in late 2022. Commonwealth has filed a significant claim against the debtor's estate and the debtor has litigation pending in U.S.D.C., N.D., AL for breach of its pre-petition contract to purchase the facility and is also asserting damage claims for violation of the automatic stay for interfering with the debtor's sale efforts in bankruptcy court.

**LEGAL ANALYSIS**:

W/r/t to § 1112(b)(4)(A), there is currently no continuing loss or diminution of the estate that constitutes "cause" to dismiss. The Debtor currently has over $350K in cash

and owes only $26K in unpaid professional fees, plus it will be receiving another $107K from its settlement with the Jefferson County Tax Assessor; and it has dramatically reduced the claims against the estate and is otherwise current postpetition. The Court recognizes that the Debtor is receiving DIP loans from its Limited Partners to pay its postpetition obligations, but these loans are a necessary "investment" for the Debtor to liquidate its significant damage claims against Commonwealth (estimated at $6M). If the Debtor prevails in its litigation against Commonwealth, then these DIP loans -- and the other creditors in this case -- will be paid through either a reorganization plan or structured dismissal. Therefore, a review of the MORs that reflects "losses" due to its borrowings from its limited partners is overly simplistic.

W/r/t to § 1112(b)(4)(J), the Court decided not to enforce its prior deadline for the Debtor to file a new plan and disclosure statement. It has accepted the Debtor's explanation for the delay and why it is wasteful to propose a new plan until the Alabama litigation is concluded because the outcome materially impacts the terms of the plan and/or what remains to be litigated in this case. Commonwealth cannot be heard to complain about the delay in concluding this litigation. It asked this Court to remand this litigation back to the Alabama state court.

W/r/t to Commonwealth's allegation of bad faith, the Court rejects the insinuation that the Debtor filed this case in bad faith. The Debtor filed this Chapter 11 case for the legitimate, good faith objective to obtain a breathing spell to sell its nursing home facility as a going concern to maximize its value, protect its vulnerable elderly residents and preserve jobs. The Debtor also desired to liquidate its significant damage claims against Commonwealth in the "home" bankruptcy court, but this litigation was remanded to the Alabama state court at Commonwealth's request.

Aside from losing the forum selection battle, the Debtor has accomplished much over the last 27 months and there is no ground whatsoever to dismiss this case for bad faith. Finally, the delay in concluding this case is largely due the many complications flowing from the extraordinary and unprecedented Covid-19 pandemic for which the Debtor cannot be blamed. The end of this case is in sight, and barring allegations that the Debtor is accruing unpaid postpetition obligations (other than the DIP loans from the limited partners) or that it is actively delaying the conclusion of the Alabama litigation, the case should proceed to its conclusion in this Court.

2) CHAPTER 11 PETITION 1) SETTING STATUS CONFERENCE; 2) SETTING COMPLIANCE DEADLINES; AND 3) SETTING SANCTIONS, IF APPROPRIATE, INCLUDING DISMISSAL, CONVERSION OR APPOINTMENT OF A CHAPTER 11 TRUSTEE OR EXAMINER BECAUSE OF NONCOMPLIANCE WITH ABOVE-REFERENCE REQUIREMENTS (Fr 1/20/22)