SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Christopher V. Hawkins, SBN 222961
  Kathleen A. Cashman-Kramer, SBN 128861
600 B Street, Suite 1700
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Debtor and Debtor in Possession,
Vestavia Hills, Ltd. dba Mount Royal Towers

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>VESTAVIA HILLS, Ltd, an Alabama Limited Partnership, dba Mount Royal Towers<br><br>     Debtor. | CASE NO. 20-00018-LT11<br><br>Chapter 11<br><br>**EX PARTE APPLICATION TO EMPLOY HALL BOOTH SMITH, P.C. AS SPECIAL LITIGATION COUNSEL FOR DEBTOR (11 U.S.C. § 327(e))**<br><br>Date: None required<br>Time: None required<br>Ctrm: 3<br>United States Bankruptcy Court<br>325 West "F" Street<br>San Diego, CA 92101-6991<br>Judge: Hon. Laura S. Taylor |

#5403139v3

1

Vestavia Hills, Ltd., dba Mount Royal Towers ("Debtor"), the debtor and debtor in possession herein, hereby files this application ("Application") to employ Hall Booth Smith, P.C. ("HBS") as its special litigation counsel, effective as of February 8, 2023, the date of the Debtor's retention of HBS. In support of this Application, the Debtor respectively represents the following:

1. On January 3, 2020 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.).

2. Pursuant to section 327(e) of the Bankruptcy Code, the Debtor desires to employ HBS as its special litigation counsel in this Chapter 11 case. The Debtor requires the services of HBS as its special litigation counsel to assist it in Alabama state law litigation matters pending in the state court in Alabama, including, without limitation, the case of *Myers vs. Vestavia Hills Ltd., et al.*, Civil Action No. 01-CV-2023-900020, Circuit Court of Jefferson County, Alabama, Birmingham Division (the "Myers Action"), and in particular to advise the Debtor and Sullivan Hill as the Debtor's general counsel on matters of Alabama state law that pertain and may arise in dealing with the Myers Action.

3. Upon discovering the filing of the complaint in the Myers Action, the Debtor tendered the complaint to its insurer, CNA. CNA has accepted the defense of the Myers Action and has assigned counsel, namely, HBS, to represent the Debtor in it as an expense covered by the Debtor's CNA insurance policy.

4. HBS was first retained by the Debtor on or about February 8, 2023 as counsel approved by CNA in connection with the Myers Action.

5. The Debtor is seeking to employ HBS with respect to the defense of the Myers Action lawsuit alleging medical malpractice and wrongful death at what was then the Debtor's Mount Royal Towers assisted living facility in early January 2021. Sullivan Hill, as the Debtor's general counsel, does not have attorneys admitted in Alabama or familiar with the Alabama state laws and rules of practice generally in Alabama, and as such, Sullivan Hill, as Debtor's general counsel, will need the advice

and counsel of HBS on matters of Alabama law and practice both as to proceedings in Alabama state courts and as may pertain and arise in connection with claims proceedings in this Chapter 11 case.  In addition, the Debtor will need Alabama counsel to appear on its behalf and file any and all papers that may be necessary in the Myers Action in Alabama.  Finally, HBS is experienced in matters similar to those claims raised in the Myers Action.

6. HBS's assistance will be of great benefit to the Debtor.  The services of HBS will not duplicate, but will complement and support, the work to be performed by the Debtor's bankruptcy counsel, Sullivan Hill.

7. For matters that are solely related to services performed by HBS for the Debtor, those matters will be billed to and paid by the insurance company, CNA pursuant to the terms of the Debtor's CNA insurance policy.

8. While Sullivan Hill has its own civil litigation lawyers, it will be far more efficient (and thus less costly) for HBS to serve in its role as special litigation counsel, given its familiarity with Alabama law and practice.   For all the foregoing reasons, HBS's involvement and retention on the basis set forth in the application should lower or eliminate the overall cost to the Debtor and the Debtor's estate, rather than increase it.

9. HBS has agreed not to accept compensation for services rendered solely for the Debtor in this case except from CNA.  See the Williams Declaration, ¶ 3.

10. Excerpts of HBS's "firm resume" are attached as Exhibit "1" to the Williams Declaration.  See the Williams Declaration, ¶ 4.

11. Having performed a conflicts check in the system maintained by HBS, HBS does not have any interest in or connection with the Debtor, the United States Trustee, any person employed by the United States Trustee, including their respective attorneys, nor to the best of my knowledge and following a diligent search of HBS conflict system does HBS represent a creditor or party in interest of the estate with respect to the subject matter for which HBS is engaged. In addition, HBS does not

hold or represent any interest adverse to the estate and is sufficiently "disinterested" within the meaning of section 327(a) of the Bankruptcy Code to serve in a special litigation counsel role in this case for the Debtor. <u>See</u> the Williams Declaration, ¶ 5.

12. Pursuant to Local Bankruptcy Rule 2014-1(c), the Debtor submitted its application to the U.S. Trustee as provided in Local Bankruptcy Rule 9034-1. The Debtor also provided notice of its Application to the parties appearing on the Proof of Service relating to this Application. The Debtor submits that, in light of the nature of the relief requested, no other or further notice is necessary or required.

WHEREFORE, the Debtor respectfully requests that the Court enter an order in substantially the form attached as Exhibit "A" hereto authorizing HBS's appointment as special litigation counsel to the Debtor, to be paid by CNA, effective as of February 8, 2023.

Dated: March 1, 2023

By: /s/Kevin Moriarty
Vestavia Hills, Ltd, an Alabama Limited Partnership. Debtor in Possession,
*By IPG Holding, a California Corporation, its General Partner*
By Kevin Moriarty, President/CEO

Dated: March 1, 2023

/s/*James P. Hill*
James P. Hill, Esq.
Sullivan Hill Rez & Engel, APLC
Counsel for Debtor,
Vestavia Hills Ltd.

#5403139v3                                          4

**Exhibit Table**

| Exhibit | Description | Pages |
|---|---|---|
| A | Proposed Order | 6-8 |

# EXHIBIT A

**CSD 1001A** [07/01/18]
Name, Address, Telephone No. & I.D. No.

SULLIVAN HILL REZ & ENGEL, APLC
James P. Hill, 90478 / Christopher V. Hawkins, 222961
600 B Street, 17th Floor
San Diego, CA 92101
Telephone: (619) 233-4100 / Fax Number: (619) 231-4372
Attorneys for Debtor and Debtor In Possession, Vestavia Hills, Ltd. dba Mount Royal Towers

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

VESTAVIA HILLS, Ltd, an Alabama Limited Partnership, dba Mount Royal Towers

Debtor.

BANKRUPTCY NO. 20-00018-LT11

Date of Hearing:
Time of Hearing:
Name of Judge: Hon. Laura S. Taylor

## ORDER ON
### EX PARTE APPLICATION TO EMPLOY HALL BOOTH SMITH, P.C. AS SPECIAL LITIGATION COUNSEL FOR DEBTOR (11 U.S.C. § 327(e))

The court orders as set forth on the continuation pages attached and numbered 1 through 2 with exhibits, if any, for a total of 2 pages. Motion/Application Docket Entry No. _____.

//
//
//
//
//
//
//

DATED: _____

_____
Judge, United States Bankruptcy Court

CSD 1001A [07/01/18]                                                                                                Page **2** of **2**

ORDER ON EX PARTE APPLICATION TO EMPLOY HALL BOOTH SMITH, P.C. AS SPECIAL LITIGATION COUNSEL FOR DEBTOR (11 U.S.C. § 327(e))
DEBTOR: VESTAVIA HILLS, Ltd, an Alabama Limited Partnership, dba Mount Royal Towers   CASE NO: 20-00018-LT11

---

The Court having considered the Ex Parte Application to Employ Hall Booth Smith, P.C. ("HBS") as Debtor's Special Litigation Counsel filed on March 1, 2023 by Vestavia Hills, Ltd. ("Debtor"), the Debtor and debtor in possession herein, the files and records in this case, and the arguments presented at the hearing before the Court (if any); the Court having found that good and sufficient cause exists for granting the Application; it appearing that the relief requested is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and it appearing that notice of the Application was adequate and proper under the circumstances of the case,

IT IS HEREBY ORDERED that:

1. The Application as filed is granted as set forth herein. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2. The Debtor is authorized to employ HBS as its special litigation counsel with its fees and expenses as incurred to be paid by CNA on the terms set forth in the Application as filed, effective as of February 8, 2023.

3. No fees or costs will be paid to HBS on its services provided solely for the Debtor except by CNA in accordance with the Debtor's applicable CNA insurance policy.

IT IS SO ORDERED.